<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-4910**

───────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

DEMETRIUS HILL,

             Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:12-cr-00288-WO-1)

───────────

Submitted:  June 19, 2014            Decided:  June 23, 2014

───────────

Before NIEMEYER, MOTZ, and KEENAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Jonathan Leonard, LAW OFFICE OF JONATHAN LEONARD, Winston-Salem, North Carolina, for Appellant.  Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demetrius Hill pled guilty pursuant to a written plea agreement to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court sentenced Hill as an armed career criminal, pursuant to 18 U.S.C. § 924(e) (2012), to 192 months in prison. On appeal, counsel for Hill filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether the district court erred in sentencing Hill as an armed career criminal, because two of the predicate offenses should not have been counted separately and none of the predicate felonies were charged in the indictment or proven beyond a reasonable doubt. Hill has not filed a pro se supplemental brief, despite notice of his right to do so. We affirm.

At sentencing, Hill objected to his designation as an armed career criminal based on the fact that he was convicted of two of the predicate offenses, felony delivery of cocaine, on the same day. However, the crimes for which he was convicted were "committed on occasions different from one another," arising out of "separate and distinct criminal episode[s]," such that the district court properly overruled the objection. 18 U.S.C. § 924(e); United States v. Davis, 689 F.3d 349, 358–59 (4th Cir. 2012) (quoting United States v. Letterlough, 63 F.3d

2

332, 335 (4th Cir. 1995)). We therefore conclude that the district court did not err in counting Hill's prior felonies as separate offenses under the Armed Career Criminal Act.

Counsel also posits that Hill's constitutional rights were violated because the predicate offenses supporting his armed career criminal designation were not charged in the indictment or found by a jury beyond a reasonable doubt. This argument is foreclosed by circuit precedent. See United States v. Thompson, 421 F.3d 278, 284 n.4 (4th Cir. 2005) (holding that an indictment need not reference or list the prior convictions used to enhance a sentence); United States v. Cheek, 415 F.3d 349, 352–54 (4th Cir. 2005) (holding that prior convictions used as the basis for an armed career criminal sentence need not be charged in the indictment or proven beyond a reasonable doubt); see also Alleyne v. United States, 133 S. Ct. 2151, 2160 n.1 (2013) (recognizing the narrow exception for fact of a prior conviction). Accordingly, the district court did not err in sentencing Hill as an armed career criminal.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Hill, in writing, of the right to petition the Supreme Court of the United States for further review. If Hill requests that a petition be filed, but counsel

3

believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hill. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED